Circuit Court, District of Columbia. May Term, 1835.

SLAVERY — ILLEGAL BRINGING INTO STATE — SUIT FOR FREEDOM—REVERSIONER'S INTEREST.

1. An importation of slaves by a person who has only a life estate in them is an importation within the Maryland act of 1796, c. 67, § 1 [1 Dor. Md. Laws, 1796, p. 334], and the consent of the reversioner to the importation is not necessary to give freedom to the slaves thus imported.

2. The question of the intent with which the importation is made is for the jury.

Petition for freedom by Negro Charles Taylor, and others; six cases; removed from Washington to Alexandria county for a fair trial.

The petitioners claim freedom by reason of their importation from Virginia into the county of Washington "to reside," contrary to the Maryland act of 1796, c. 67, § 1.

Mr. Taylor, for the defendant [Ariss Buckner], having offered evidence that some of the petitioners, namely, Fanny and her children, were the property of the defendant for the life of his wife only, prayed the court to instruct the jury, that the importation of those petitioners by the defendant could not give them any right to freedom under the first section of the Maryland act of 1796, c. 67, and cited Negro Sally v. Ball, 1 Wheat. [14 U. S.] 1, and the Virginia law of 1819, §§ 48, 49 (2 Rev. Code, 431).

But THE COURT (MORSELL, Circuit Judge, not having heard the argument, gave no opinion) refused to give the instruction.

Mr. Taylor then prayed the court to instruct the jury that such importation, without the consent of the reversioners, could not give those petitioners a right to freedom under the first section of the Maryland act of 1796, c. 67, which THE COURT still refused to give, notwithstanding the case of Negro Sally v. Ball, 1 Wheat. [14 U. S.] 5, considering the words, "since it is the property of the person importing the slave which is forfeited," as dictum only; that point not being necessary to the decision of that cause, the slave in that case not having been brought in to reside or for sale, but only for a year's service, and having been, in the course of the year, carried back to Virginia.

Mr. Key, for petitioners, contended that the hiring out in Washington of the slave of a non-resident, for more than a year, is evidence that the bringing in was "to reside," contrary to the first section; and that it had been so decided by this court.

Mr. Jones denied it; and appealed to the court.

THE COURT (nem. con.) said that they did not recollect any such decision; but that the question was always left open to the jury, as to the intent with which the importation was made.